```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DAVID LESNIAK, | CIVIL ACTION NO. 05-2286 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| WILLIAM FRANCIS PIKE, |  |
| Defendant. |  |

**THE PLAINTIFF**, David Lesniak, bringing an action to recover an award of palimony in the Family Part of New Jersey Superior Court, Ocean County, against the defendant, William Francis Pike (Compl.); and Pike removing the action under 28 U.S.C. § ("Section") 1332, and alleging he is currently a New York citizen and Lesniak is a New Jersey citizen (Remov. Not., at 2); and (1) Lesniak moving to remand the action pursuant to the domestic-relations exception to jurisdiction under Section 1332, (2) Pike cross-moving to strike a notice of lis pendens, and (3) Lesniak cross-moving for miscellaneous further relief (dkt. entry nos. 2,5,9); and the Court deciding the motion and cross motions now in order to expedite the proceedings; and the Court deciding the motion and cross motions without oral hearing and on the papers, see Fed.R.Civ.P. 78; and

**IT BEING WELL-SETTLED LAW** that when jurisdiction over an action is premised on Section 1332, a federal court nevertheless lacks jurisdiction if the action concerns a domestic-relations matter, Ankenbrandt v. Richards, 504 U.S. 689, 702-04 (1992),

Galtieri v. Kane, No. 03-2994, slip op. at 3-4 (3d Cir. Mar. 4, 2004), Galtieri v. Kane, No. 03-3310, slip op. at 3-4 (3d Cir. Jan. 15, 2004); and it appearing that an action to recover an award of palimony is a domestic-relations matter, Anastasi v. Anastasi, 544 F.Supp. 866, 866-68 (D.N.J. 1982) (remanding palimony action to state court sua sponte); and it appearing, therefore, that this action should be remanded under the domestic-relations exception because the complaint alleges an entitlement to an award of palimony;[1] and

**IT APPEARING**, as the motion will be granted, the Court is without jurisdiction to address the cross motions; and thus the Court intending to deny the cross motions without prejudice to the parties to raise the arguments therein in state court; and good cause appearing, the Court will issue an appropriate order and judgment.

                                          s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

---

[1] Pike, in opposing remand, asserts (1) the "final period of our personal relationship was simply one of friendship that outlasted the intimate relationship," (2) he did not view his relationship with Lesniak "as a marital/spousal equivalent relationship," and (3) "Lesniak voluntarily abandoned the relationship and its attendant support." (5-10-05 Pike Decl., at 2 & 10). These are defenses that are within the expertise of a state court to address. The Court must address jurisdiction based on the allegations presented on the face of the complaint.